CO-PROB12C
(Revised 11/23-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. GABRIEL LUIS MOLINA                                         DKT. NO. 1:23-cr-00435-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Angela Loveless, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Gabriel Luis Molina, who was placed on supervision by the Honorable John C. Hinderaker, sitting in the United States District Court in Tucson, Arizona, on February 21, 2023. The defendant was sentenced to 12 months' and one day imprisonment and 36 months' supervised release for an offense of Transportation of Illegal Aliens for Profit, in violation of 8 U.S.C. § 1324(a)(I)(A)(ii) and 8 U.S.C. § 1324(a)(I)(B)(i). Supervision commenced on August 14, 2023, and is set to expire on August 13, 2026. Jurisdiction of this case was transferred from the District of Arizona to the District of Colorado on October 10, 2023. As noted in the judgment [Document 1-1], the Court ordered mandatory, special, and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **USE OF ALCOHOL**

On or about August 18, 2023, the defendant consumed alcohol, which constitutes a Grade C violation of supervised release.

On August 18, 2023, an initial urinalysis was administered in the U.S. Probation Office, and it was positive for Ethyl Glucuronide (EtG). On August 22, 2023, during the initial home inspection of the defendant's residence, the defendant admitted to consuming alcohol on August 17, 2023. On May 24, 2024, the defendant signed an admission form stating the positive urinalysis was a result of his consumption of alcohol on August 17, 2023.

2. **USE OF ALCOHOL**

On or about August 21, 2023, the defendant consumed alcohol, which constitutes a Grade C violation of supervised release.

On August 21, 2023, the defendant submitted to a random urinalysis at Larimer County Community Corrections (LCCC) that tested positive for EtG. On August 31, 2024, the undersigned spoke with the defendant, and he denied any consumption of alcohol since

August 17, 2024. On May 24, 2024, the defendant signed an admission form stating the positive urinalysis was a result of his consumption of alcohol on August 17, 2023.

3.  **USE OF ALCOHOL**

On or about October 8, 2023, the defendant consumed alcohol, which constitutes a Grade C violation of supervised release.

On October 8, 2023, the defendant submitted to a random urinalysis at LCCC that tested positive for EtG. On October 27, 2023, the undersigned spoke with the defendant, and he admitted to consuming alcohol on October 7, 2023, during a party for his nephew. On May 24, 2024, the defendant signed an admission form stating the positive urinalysis was a result of his consumption of alcohol on October 7, 2023.

4.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about November 17, 2023, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On November 17, 2023, the defendant submitted to a random urinalysis at LCCC that tested positive for amphetamines, and the urinalysis was subsequently confirmed by the national laboratory as positive for methamphetamines. On November 20, 2023, the undersigned received a text message from the defendant stating he "messed up," and "needed help." During a conversation with the defendant that same day, he admitted to relapsing with methamphetamine on November 14, 2023 and November 16, 2023. On May 24, 2024, the defendant signed an admission form stating the positive urinalysis was a result of his consumption of methamphetamine on November 14, 2023, and November 16, 2023.

5.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about January 22, 2024, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On January 22, 2024, the defendant submitted to a random urinalysis at LCCC that tested positive for amphetamines, and the urinalysis was subsequently confirmed by the national laboratory as positive for methamphetamines. On January 26, 2024, during a home contact with the defendant, he admitted to not coming home over the weekend and to using methamphetamine on January 19, 2024. On May 24, 2024, the defendant signed an admission form stating the positive urinalysis was a result of his consumption of methamphetamine on January 19, 2024.

Case No. 1:23-cr-00435-RMR   Document 2   filed 07/12/24   USDC Colorado   pg 3 of 9

Gabriel Luis Molina  
1:23-cr-00435-1

Petition for Warrant on Person Under Supervision  
Page 3

July 12, 2024

6. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 5, 2024, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On February 5, 2024, the defendant submitted to a random urinalysis at LCCC that tested positive for amphetamines, and the urinalysis was subsequently confirmed by the national laboratory as positive for methamphetamines. Notably, this positive test occurred the day before the defendant was scheduled to begin inpatient treatment, so the undersigned was unable to immediately have a conversation about the results of this test. On May 24, 2024, however, the defendant signed an admission form stating the positive urinalysis was a result of his consumption of methamphetamine from January 27, 2024 through February 6, 2024. He indicated he was using methamphetamine regularly in the days leading up to his admission to inpatient treatment.

7. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 30, 2024, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On May 30, 2024, the defendant submitted to a random urinalysis at LCCC that tested positive for amphetamines, and the urinalysis was subsequently confirmed by the national laboratory as positive for methamphetamines. On June 13, 2024, the undersigned spoke with the defendant regarding the positive urinalysis, and he denied any drug usage.

8. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 12, 2024, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On June 12, 2024, the defendant submitted to a random urinalysis at LCCC that tested positive for amphetamines, and the urinalysis was subsequently confirmed by the national laboratory as positive for both amphetamines and methamphetamines. On June 27, 2024, the undersigned spoke with the defendant regarding the positive urinalysis, and he denied any drug usage.

9. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 18, 2024, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

Case No. 1:23-cr-00435-RMR   Document 2   filed 07/12/24   USDC Colorado   pg 4 of 9

| | | |
|---|---|---|
| Gabriel Luis Molina<br>1:23-cr-00435-1 | Petition for Warrant on Person Under Supervision<br>Page 4 | July 12, 2024 |

On June 18, 2024, the defendant submitted to a urinalysis at the U.S. Probation Office that was positive for methamphetamines. When confronted, the defendant admitted to smoking methamphetamine on June 16, 2024. He signed an admission form for the use; however, the form was filled out incorrectly. An updated admission form was obtained during a home contact with the defendant on June 20, 2024.

10. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 26, 2024, the defendant used or administered a controlled substance, amphetamines, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On June 26, 2024, the defendant submitted to a random urinalysis at LCCC that tested positive for amphetamines. Secondary confirmation results from the national laboratory are pending.

11. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 5, 2024, the defendant used or administered a controlled substance, amphetamines, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On July 5, 2024, the defendant submitted to a urinalysis at the U.S. Probation Office that tested positive for amphetamines. Secondary confirmation results from the national laboratory are pending.

12. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to successfully complete intensive outpatient treatment at Northpoint Colorado, the treatment program in which the probation officer directed him to participate, and he was subsequently discharged on May 20, 2024. This constitutes a Grade C violation of supervised release.

On March 11, 2024, the defendant was admitted into Northpoint Colorado's intensive outpatient treatment program after successfully completing their 30-day residential treatment program. On May 28, 2024, the undersigned contacted the treatment facility to obtain an update on the defendant's progress and was advised he was discharged from their program on May 20, 2024, due to lack of attendance, and noted their last date of contact with him was May 9, 2024. A discharge summary was subsequently forwarded to this officer. Notably, during an office visit with the defendant on May 24, 2024, he represented that he was still attending his treatment program and stated he asked them if would be able to extend his time in their treatment program.

Case No. 1:23-cr-00435-RMR   Document 2   filed 07/12/24   USDC Colorado   pg 5 of 9

Gabriel Luis Molina  
1:23-cr-00435-1

Petition for Warrant on Person Under Supervision  
Page 5

July 12, 2024

13. **FAILURE TO PARTICIPATE IN DUAL DIAGNOSIS TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Creative Counseling Services (CCS), the dual diagnosis treatment program in which the probation officer directed him to participate on June 11, 2024, June 18, 2024, and July 8, 2024. This constitutes a Grade C violation of supervised release.

On June 3, 2024, subsequent to his discharge from Northpoint, the undersigned advised the defendant he would be given one final opportunity to avoid court intervention if he agreed to attend a modified intensive outpatient treatment program at CCS. This would include weekly individual dual diagnosis treatment sessions, weekly cognitive behavioral therapy groups, and weekly relapse prevention groups. The defendant agreed to this plan.

On June 13, 2024, the undersigned received notification from CCS that the defendant failed to report for his individual dual diagnosis session on June 11, 2024, because he was not feeling well.

On June 20, 2024, the undersigned received notification from CCS that the defendant did not attend his individual dual diagnosis session on June 18, 2024. On June 17, 2024, a text was sent to the defendant directing him to report to the U.S. Probation Office on June 18, 2024 (the day of the missed treatment session), at 9:00 a.m. to submit a urinalysis. On that day, at 11:53 am, the undersigned received a text from the defendant stating fell back asleep and was on his way to the office. At 1:51 p.m., the defendant texted that he had just parked his car and would be inside in a few minutes. At 2:12 p.m., the defendant texted this officer requesting she call him. A response was sent at 2:55 p.m. stating that the undersigned was on sick leave and unable to speak with him on the phone. At 3:21 p.m., the defendant responded that he was going to go inside to take his urinalysis and would not make his appointment at Creative Counseling.

On July 10, 2024, the undersigned received notification from CCS that the defendant failed to report for his cognitive behavioral therapy group on July 8, 2024.

14. **FAILURE TO RESIDE IN A SOBER LIVING FACILTY AS DIRECTED BY THE PROBATION OFFICER**

On or about May 21, 2024, the defendant was dismissed from Lighthouse Sober Living, the sober living facility in which the probation officer directed him to reside, which constitutes a Grade C violation of supervised release.

Additionally, on or about July 5, 2024, the defendant was dismissed from Oxford House Sober Living, the sober living facility in which the probation officer directed him to reside, which constitutes a Grade C violation of supervised release.

Case No. 1:23-cr-00435-RMR   Document 2   filed 07/12/24   USDC Colorado   pg 6 of 9

Gabriel Luis Molina  
1:23-cr-00435-1

Petition for Warrant on Person Under Supervision  
Page 6

July 12, 2024

On or about March 4, 2024, the defendant was accepted into the Lighthouse Sober Living facility. On May 14, 2024, the undersigned received a voicemail from the program manager stating the defendant verbally revoked his release of information (ROI) after being questioned about missing a required urinalysis. On May 15, 2024, the undersigned spoke with the program manager and was advised that the defendant became frustrated with a staff member when questioned about the missed drug test, and that he was required to intervene as a result of this interaction. He stated the defendant admitted to relapse and told him he wanted to rescind his ROI so he could not inform his probation officer of the relapse. The program manager noted that because of the relapse, the defendant was asked to leave and placed on a five-day hold; however, he would be permitted to return to the program on May 20, 2024.

On May 15, 2024, the undersigned spoke with the defendant and asked him about why he wanted to rescind his ROI and was put on hold from the program. He stated he was spending time with someone who was not a good influence and did not want this officer to find out. He denied any relapse and it was agreed that he would return to their program on May 20, 2024.

On May 21, 2024, the undersigned received an email from the program manager at Lighthouse Sober Living and was advised the defendant failed to return to the program on May 20, 2024, and was subsequently dismissed from their program.
As a result of this dismissal, the defendant was directed to locate another sober living facility, and on May 29, 2024, the defendant moved into Oxford House. On July 10, 2024, during a telephone conversation with the defendant, he reported he was discharged from their facility on July 5, 2024, for failing to take a urinalysis. That same day, the undersigned corroborated this information with a member of the Oxford House chapter where the defendant was residing and was also advised that the defendant further violated their rules by being gone "for days at a time."

15. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at LCCC, the testing program in which the probation officer directed him to participate, on November 19, 2023; November 30, 2023; December 10, 2023; December 11, 2023; December 20, 2023; December 21, 2023; December 22, 2023; January 13, 2024; January 26, 2024; May 18, 2024; May 24, 2024; May 25, 2024; June 11, 2024; June 15, 2024; June 17, 2024; June 23, 2024; June 28, 2024; and July 1. 2024. This constitutes a Grade C violation of supervised release.

On August 18, 2023, the defendant was provided with instructions to call the drug testing line daily, between the hours of 5:00 a.m. and 3:00 p.m., to determine if he needs to report for drug testing. In the approximately ten months since the defendant has been on supervised release, he has failed to submit to random urinalyses on 18 occasions. He has shown a propensity to miss drug tests when he knows the test will be

Case No. 1:23-cr-00435-RMR   Document 2   filed 07/12/24   USDC Colorado   pg 7 of 9

Gabriel Luis Molina  
1:23-cr-00435-1

Petition for Warrant on Person Under Supervision  
Page 7

July 12, 2024

positive, and on multiple occasions, has ignored this officer's directives to submit make-up tests the following day.

### 16. ASSOCIATION WITH A PERSON INVOLVED IN CRIMINAL ACTIVITY

On or about July 8, 2024, the defendant associated with Olivia Stephenson, a person who has been engaged in criminal activity, which constitutes a Grade C violation of supervised release.

On November 3, 2023, during an office visit, the defendant was advised that he is not to have contact with Ms. Stephenson due to her pending legal issues, prior felony conviction, and the defendant's prior representations that their relationship is "toxic." Notably, Ms. Stephenson was with the defendant when he was arrested for the instant offense. As of the writing of this petition, Ms. Stephenson currently has ten pending legal matters in Colorado.

The defendant has struggled throughout his period of supervision to cease contact with this individual, and he has neglected to follow the advice of this officer or his therapists to contact the police when her behavior escalates. During a telephone conversation with the defendant on July 10, 2024, he admitted to having contact with her on July 8, 2024, noting that they were staying in a hotel together. Concerningly, he also admitted this was the date he last used methamphetamine and that she prevented him from attending his treatment session that evening by taking his keys and leaving him without any transportation.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential risks of danger presented by the defendant. This determination is made based on the defendant's active drug use, willful disregard for the Court's orders and probation directives, dismissal from two sober living programs, and his inability to be truthful and forthcoming about his treatment failures and continued drug use.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Angela Loveless*  
Angela Loveless  
United States Probation Officer  
Place:   Denver  
Date:   July 12, 2024

Case No. 1:23-cr-00435-RMR   Document 2   filed 07/12/24   USDC Colorado   pg 8 of 9

Gabriel Luis Molina  
1:23-cr-00435-1

Petition for Warrant on Person Under Supervision  
Page 8

July 12, 2024

*s/Walter Vanni*  
Walter Vanni  
Supervisory United States Probation Officer  
Place:   Denver  
Date:    July 12, 2024

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is 6 to 12 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community. Since approximately May 1, 2024, the defendant has shown signs of regressing in his sobriety and overall compliance with supervision as evidenced by his discharge from Northpoint, not returning to Lighthouse Sober Living, numerous missed and positive drug tests, not following through with U.S. Probation directives, and his overall evasiveness and lack of accountability when questioned about his drug usage and concerning behaviors. Notably, the defendant has not submitted a negative drug test since May 28, 2024, and outside of admitting to drug usage on June 16, 2024, he has denied other usage despite U.S. Probation having evidence to the contrary. After he was discharged from Northpoint and dismissed from Lighthouse Sober Living (which would typically result in immediate revocation proceedings), he was given a final opportunity to avoid court intervention if he agreed to attend a modified intensive outpatient program with Creative Counseling, to remain in his new sober living facility, to call the drug testing line daily and submit tests when required, and to maintain his sobriety. The defendant agreed to this course of action; however, since that time, he has missed six drug tests and submitted four tests that have been positive for methamphetamines. Notably, there have been several occurrences where after missing a drug test, he has been directed to submit a makeup test the following business day, and has failed to do so, showing a blatant disregard for U.S. Probation's attempts to enforce the Orders of the Court. Additionally, he failed to attend three counseling sessions and was dismissed from his second sober living facility. Since the start of his supervised release, U.S. Probation has worked at length with the defendant to provide increased structure and treatment opportunities as his drug usage and noncompliance escalated. Since approximately May 1, 2024, however, he has continued to use methamphetamines despite residing in a sober living facility, being in treatment, and

Case No. 1:23-cr-00435-RMR   Document 2   filed 07/12/24   USDC Colorado   pg 9 of 9

Gabriel Luis Molina  
1:23-cr-00435-1

Petition for Warrant on Person Under Supervision  
Page 9

July 12, 2024

completing an inpatient program. Due to his evasiveness and lack of accountability, it has become increasingly more difficult to work with the defendant and shows a clear indication that he is not fully committed to his sobriety and abiding by his conditions of supervised release. At this time, it does not appear he is amenable to treatment or supervision. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.