IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 23-cr-00435-RMR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GABRIEL LUIS MOLINA,

       Defendant.

---

**DEFENDANT'S NOTICE REGARDING VIOLATIONS OF SUPERVISED RELEASE AND SENTENCING STATEMENT**

---

Gabriel Luis Molina, through his attorney, Assistant Federal Public Defender Jennifer Beck, hereby files this notice regarding violations of supervised release and an accompanying sentencing statement. Mr. Molina respectfully requests a sentence of time-served and a new term of supervised release. In support, Mr. Molina states:

### PROCEDURAL BACKGROUND

This case originated in the United States District Court in Tucson, Arizona, in 2022. Doc. No. 1. On February 21, 2023, Mr. Molina was sentenced to 12 months and one day of imprisonment and 3 years of supervised release after pleading guilty to Transportation of Illegal Aliens for Profit, in violation of 8 U.S.C §§ 1324(a)(I)(A)(ii), and 1324(a)(I)(B)(i). Doc. No. 11. Supervision began on August 14, 2023. *Id.* On October 10, 2023, jurisdiction of this case was transferred from the District of Arizona to the District of Colorado. *Id.*

On July 12, 2024, the United States Probation Office filed a Petition for Warrant on Person Under Supervision and an arrest warrant issued for Mr. Molina. Doc. No. 2. Mr. Molina appeared

for his initial advisement on July 26, 2024. Doc. No. 6. On July 30, 2024, the United States Probation Office filed a Superseding Petition Due to Violations of Supervision, Doc. No. 11, and Mr. Molina was ordered detained. Doc. Nos. 12, 15. Mr. Molina's Final Supervised Release Violation Hearing is currently scheduled for September 17, 2024. Doc. No. 16.

Mr. Molina has received and reviewed the Superseding Petition Due to Violations of Supervised Release (*see* Doc. No. 11) and intends to voluntarily admit the violations contained therein. The United States Probation Office just filed its Violation Hearing Report today and counsel has not had an opportunity to review it with Mr. Molina before filing this Notice and Sentencing Statement. Unless otherwise ordered, counsel intends to address any objections to that Report at the Final Supervised Release Violation Hearing. Mr. Molina believes the highest level of supervised release violation is a Grade C violation and his criminal history category is IV, thus his advisory guideline range is 6-12 months of imprisonment.

As this Court knows, the sentencing guidelines as they relate to violations of supervised release are policy statements and are therefore understood to be double advisory. USSG, Ch. 7 Pt. A(1). Mr. Molina urges the Court to impose a sentence of time-served (54 days) and a new two-year term of supervised release.

**ARGUMENT**

I.   **The Nature and Circumstances of the Violations**

Mr. Molina began his three-year term of supervised release on October 10, 2023. Doc. No. 11. As detailed in the Superseding Petition in this case, the violations of supervised release at issue include fourteen violations for drugs and alcohol, failure to successfully complete intensive outpatient treatment, three missed dual diagnosis treatment appointments, failure to reside in sober

living as directed, eighteen missed UA tests, and association with his girlfriend, who has a criminal record and many active cases. Doc. No. 11.

## II. Mr. Molina's History and Characteristics While on Supervised Release

While Mr. Molina has struggled on supervised release, he has also had periods of compliance. For instance, after admitting his struggle with drugs and alcohol, Mr. Molina asked for help. *Id.* at ¶4. He then successfully completed a 30-day inpatient treatment program at Northpoint Colorado. *Id.* at ¶12. Immediately after that, Mr. Molina entered Lighthouse Sober Living on March 4, 2024, and began intensive outpatient treatment on March 11, 2023, where he continued treatment until May 9, 2024. *Id.* at ¶¶12, 14. Mr. Molina continued to reside at Lighthouse through May 15, 2024, before entering Oxford House, another sober living home, on May 29, 2024. *Id.* at ¶14. Mr. Molina lived at Oxford House through July 5, 2024. *Id.* Mr. Molina also began attending dual diagnosis counseling at Creative Counseling Services in October 2023. *Id.* at ¶13. Records received from Creative Counseling Services, where Mr. Molina was engaged in dual diagnosis treatment, reveal that Mr. Molina attended well over 50 individual and group sessions between October 9, 2023-July 25, 2024.

As for his relationship with Olivia Stephenson, he recognizes that he needs to do everything possible to end it. Ms. Stephenson appears to stop at nothing to keep Mr. Molina in her life, including following and chasing him to his job and home, macing him, calling his probation officer and leaving her threatening messages, checking herself into rehab when she learned Mr. Molina was there, and other appalling behavior. Mr. Molina is the named victim in a domestic violence case against Ms. Stephenson, one of her ten pending cases.

Mr. Molina has a son, 13-year-old Nesiah, and a daughter, 6-year-old Milana. Mr. Molina's father describes Mr. Molina as a loving father who has an "unbreakable, unmatchable,

3

pure, and strong bond" with his children. Mr. Molina and his children live with his parents, Jose and Linda, in Fort Collins, where he grew up. Mr. Molina also has a very reliable job as an M1 machinist at Woodward Governor, where he makes $20 an hour. At the time of his arrest, he had been working there for over ten months. Mr. Molina's operations manager, Jeremy Terry, described Mr. Molina as doing well as an employee.

Mr. Molina takes accountability for his failure to comply, but he is asking this Court for another chance to complete supervised release. Despite setbacks, Mr. Molina always picked up the call when his probation officer called. He did not abscond or pick up a new case. He recognizes the seriousness of his substance abuse disorder and wants to continue with treatment.

### III.     Complying with the purposes set forth in 18 U.S.C. § 3553(a)(2)

The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are "the need for the sentence imposed

- A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- B) to afford deterrence to criminal conduct;
- C) to protect the public from further crimes of the defendant; and
- D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(2).

A sentence of 54 days, which is time-served, and a new 2-year term of supervised release balances the seriousness of the violations, promotes respect for the law, and provides for just punishment. Mr. Molina has a severe substance use disorder that needs treatment, not additional incarceration. A sentence of 54 days reminds Mr. Molina of the sanctions that can flow from disregarding the Court's orders while also giving him a chance to fully commit to his sobriety and a law-abiding lifestyle.

## CONCLUSION

Mr. Molina respectfully requests this Court impose a sentence of time-served to be followed by a new two-year term of supervised release. Such a sentence is sufficient but not greater than necessary to achieve the goals of sentencing.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/ Jennifer Beck
        JENNIFER BECK
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Jennifer_Beck@fd.org
        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, I electronically filed the foregoing ***Defendant's Notice Regarding Violations of Supervised Release and Sentencing Statement*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Martha Paluch, Assistant United States Attorney
Email: Martha.paluch@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Gabriel Luis Molina (via U.S. Mail)

        s/ Jennifer Beck
        JENNIFER BECK
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Jennifer_Beck@fd.org
        Attorney for Defendant