IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00435-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GABRIEL LUIS MOLINA,

    Defendant.

_____

**GOVERNMENT'S RESPONSE TO THE FINAL SUPERVISED
RELEASE VIOLATION REPORT, ECF 17, AND DEFENDANT'S
SENTENCING STATEMENT, ECF 18**

_____

The government has no objections to the Final Supervised Release Violation Report and agrees with the recommended sentence of 6 months in prison followed by 30 months of supervised release with the first 6 months of that supervised release on home detention. ECF 17 at 7-8.

**I.**    **The defendant's conduct while on supervised release**

Like many individuals serving terms of supervised release, this defendant suffers from a serious substance abuse addiction. For this reason, the United States Probation Office has access to many resources to address the difficulties of substance abuse: inpatient and outpatient treatment, sober living facilities, substance abuse and mental health counseling programs, and regular drug testing.

The probation officer assigned to this defendant's supervision made available every resource possible to address the defendant's substance abuse and inability to

comply with the conditions of his supervised release to no avail. Namely, during his 11 months of supervised release, the defendant:

- Possessed and used controlled substances on 13 occasions (to include using methamphetamine prior to driving his vehicle to work where he operated heavy machinery)[1]
- Missed 18 drug tests (he missed more tests than he submitted)
- Failed to participate in substance abuse and dual diagnosis treatment as directed
- Failed to reside in a sober living facility
- Continued to associate with a person involved in criminal activity

ECF 17.

Despite the defendant's repeated disregard for the Court's orders and resistance to the Probation Office's numerous attempts to help him comply with conditions, the defendant now asks for a sentence of time served and for the Court to afford him "another chance to complete supervised release." ECF 18. His request should be denied.

The record is replete with examples of all the second chances given to the defendant by the probation officer:

1) In November of 2023, after numerous positive UAs for drugs and alcohol between August and November, the defendant was referred

---

[1] Twelve positive UAs are referenced in the report. This week, the parties learned from the probation officer that the defendant also tested positive for amphetamines on July 19, 2024. The initial results were positive, and confirmation results are still pending.

    to a modified intensive outpatient program at Creative Counseling Services so that the defendant could continue to work. While in this program, he failed to submit seven UAs and submitted his second positive test for methamphetamine.

2) In February of 2024, after more methamphetamine use and contact with a prohibited person (Ms. Stephenson), the probation officer agreed to enroll the defendant in an inpatient treatment program at Northpoint Colorado. The defendant successfully completed this program and was then to reside at Lighthouse Sober Living.

3) On May 15, 2024, the defendant was asked to leave Lighthouse Sober Living for drug use and associating with Ms. Stephenson and was told he could return on May 20, 2024. He failed to return and was dismissed from this program.

4) On May 29, 2024, the defendant was directed to yet another sober living facility, Oxford House.

5) During this time, the defendant was supposed to be attending Northpoint Colorado's intensive outpatient program. Northpoint advised the probation officer that the defendant was unsuccessfully discharged from their program on May 20, 2024, due to the fact they last had contact with the defendant on May 9, 2024. Despite this fact, the defendant falsely claimed during a May 24, 2024, meeting with his probation officer that he was still attending this program.

6) The positive UAs and missed UAs continued and on July 5, 2024, the defendant was discharged from Oxford House Sober Living due to failing to take UAs, was gone "for days at a time," continued to associate with Ms. Stephenson, and also admitted to using methamphetamine.

7) Between July 10, 2024, and his arrest on July 26, 2024, the defendant submitted three positive tests for methamphetamine with one test also confirmed positive for cocaine.

The defendant has repeatedly demonstrated he is not fully committed to his sobriety or to abiding by the conditions of his supervised release. His probation officer could have brought the defendant's noncompliance to the attention of the Court during any of these violations, but instead worked diligently to "guide him back into compliance." ECF 17 at 7.  As noted, the defendant "has been afforded a multitude of resources and opportunities to succeed (verbal admonishments, graduated sanctions, drug testing, outpatient dual diagnosis treatment, intensive outpatient dual diagnosis treatment, residential level substance abuse treatment, and sober living facilities)." *Id.*

Given that the defendant is not amenable to treatment or supervision, nothing short of prison will get his attention. He is not deserving of yet another chance to comply with the conditions of his release when he didn't take advantage of the numerous chances he's already been given. *United States v. Bowers,* 242 F. App'x 558, 559 (10th Cir. Jul. 27, 2007) (unpublished) (upholding district court's 24-month sentence on defendant's first revocation of supervised release where defendant faced a guideline range of 5-11 months for Grade C violations; defendant had repeatedly violated the

4

conditions of his release due to his "very serious problem with drugs" and court opined it was sentencing the defendant "to give you treatment *there* because you won't take treatment *here*.") (emphasis in original).

As for the defendant's claims that he "always picked up the call when his probation officer called. He did not abscond or pick up a new case," those are bare minimum requirements of supervision and do not warrant a lesser sentence here. Had the defendant failed to communicate with his probation officer he would have been brought to the attention of the Court much sooner. Had he picked up a new case or absconded, he would be facing much more time in prison.

## II.   The proposed sentence serves all of the goals of 18 U.S.C. § 3553(a)(2)

A six-month prison sentence reflects the seriousness of the defendant's decision to breach this Court's trust, it promotes respect for the law, and provides just punishment for the violations alleged in the Final Supervised Release Report. It will afford deterrence for this defendant; when he starts his next term of supervised release, he will understand his compliance with the conditions of that release is not optional. It will protect the public from further crimes of the defendant, especially in light of his use of controlled substances prior to driving to work and then operating heavy machinery. In addition, a 30-month term of supervised release with the first six months on home detention will provide the defendant with needed structure and access to treatment which will enable him to succeed in his next term of supervised release.

## III. Conclusion

For these reasons, the government respectfully requests that the Court impose a

5

6-month prison sentence followed by 30 months of supervised release with the condition that the first 6 months of that release be served on home confinement, along with all of the mandatory, standard, and special conditions of supervised release as set forth in the Final Supervised Release Violation Report, ECF 17.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/ Martha A. Paluch*
Martha A. Paluch
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail: Martha.Paluch@usdoj.gov
Attorney for the United States

6

7

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on September 12, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system that will send notification of such filing to all parties of record.

                                                        /s *Martha A. Paluch*
                                                        Martha A. Paluch
                                                        Assistant United States Attorney
                                                        United States Attorney's Office
                                                        1801 California Street, Suite 1600
                                                        Denver, Colorado 80202
                                                        Telephone: (303) 454-0100
                                                        E-mail: Martha.paluch@usdoj.gov